WILLIAM H. NOYES *vs.* JOHN NEWMARCH & others.

A record, which sets out a judgment that A. recover of B. " costs of suit taxed at ——,' the amount of costs not being inserted in the record, will not support a declaration upon the judgment as for a fixed sum; nor can the defect in the record be supplied by resort ing to an entry upon the clerk's docket.

METCALF, J. The plaintiff declares on a judgment recovered by him against the defendants, for the sum of forty seven dollars and thirty eight cents, " as appears of record "; and produces, to

support his declaration, a record which sets out a judgment that he recover of these defendants "costs of suit taxed at ——," the amount of costs not being inserted in the record. As this does not support the declaration, the plaintiff seeks to supply the defect by resorting to the docket of the clerk of the court, on which is an entry of "costs taxed at $47.38"; and contends that this is to be taken as a record of the judgment declared on — referring to cases in which it has been decided that the clerk's docket is the record of the court until the record is fully extended, and arguing that the record in this case is not fully extended, because the sum for which costs are adjudged is not inserted. But we think the record is fully extended; that is, that all which was adjudged is set forth in the book of records. We must so hold until the court whose record it is shall, on proper application of the plaintiff, and on due proof, order it to be corrected. We must presume that a blank was left for the amount of costs, for the reason that the amount had not been so ascertained that an execution therefor could lawfully be issued at the time when the record was extended. And the testimony — which, though not necessary, was admissible — showed that the counsel of the plaintiff in that action, (the present defendant,) gave notice to the counsel of the other party, in the manner prescribed by the Rev. Sts. *c.* 121, § 27, of his desire to be present at the taxation of costs; but that, for some cause, without any default of either party, the counsel of the parties never appeared together, before the clerk, for the purpose of having the costs taxed by him, so that either might appeal from his taxation, under the Rev. Sts. *c.* 121, § 28.

The entry on the docket of "costs taxed at $47.38" could not have been understood by the clerk to be an entry that judgment for that sum had been rendered; for if he had understood it to be such an entry, there could have been no reason why, in extending the record, he should not have inserted the amount of costs. The clerk knew that the costs had not been so taxed as to warrant a judgment for any ascertained sum; and the entry on the docket doubtless indicated to him merely the fact that a bill of costs had been made out and filed by the plaintiff.

And upon the evidence in the case, this was the only true sense in which the costs could be said to have been "taxed." If the entry was made by the clerk himself, this is all that he could have meant; if made by an assistant, the clerk knew that this was all that was true.

The verdict for the plaintiff in the superior court must be set aside, and *A new trial granted.*

*T. B. Newhall,* for the defendant.

*S. B. Ives, Jr.* for the plaintiff, cited *Pruden* v. *Alden,* 23 Pick. 184; *Commonwealth* v. *Bolkom,* 3 Pick. 281; *Wells* v. *Stevens,* 2 Gray, 115; *Fay* v. *Wenzell,* 8 Cush. 315.